# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 02-160V
Filed: May 5, 2016

| | | |
|---|---|---|
| * * * * * * * * * * * | * | UNPUBLISHED |
| BETH ROSENBERG, *mother and next* | * | |
| *friend of* J.R., *a minor*, | * | |
| | * | |
| Petitioner, | * | Chief Special Master Dorsey |
| | * | |
| v. | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * | * | |

<u>Robert J. Krakow</u>, Law Office of Robert J. Krakow, P.C., New York, NY, for petitioner.
<u>Ryan D. Pyles</u>, U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On March 1, 2002, Beth Rosenberg ("petitioner") filed a petition on behalf of her minor child, J.R., pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to 34 (2012). Petitioner alleged that, as a result of receiving two diphtheria-tetanus-acellular pertussis (DTaP) vaccines on March 8, 1999, and March 20, 2000, J.R. developed or experience a significant aggravation of hypersensitivity reactions. Amended Petition at ¶ 22-24. Further, petitioner alleged that J.R. experienced residual effects of the injury for more than six months. Id. at ¶ 25. On October 2, 2015, the parties filed a stipulation in which they stated that a decision should be entered awarding compensation. The undersigned issued a Decision pursuant to the parties' stipulation on October 5, 2015.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On March 21, 2016, petitioner filed an application for attorneys' fees and costs, stating that petitioner incurred $44,893.60 in attorneys' fees, and $8,764.65 in attorneys' costs, for total fees and costs of $53,658.25.  See Pet'r's App. at ¶ 1.  In accordance with General Order #9, petitioner's counsel stated that petitioner did not incur any costs in this matter.  Id. at ¶ 3.  Petitioner's application goes on to state that "[b]ased on discussions with respondent, petitioner . . . amends the Application for Attorneys' Fees and Costs to request reimbursement in the total amount of $50,000.00.  Respondent has no objection."  Id. at ¶ 2.  Accordingly, petitioner requests that a decision awarding final attorneys' fees and costs in the amount of $50,000.00 be issued.  Id. at ¶ 4.

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1).  Petitioner in this case was awarded compensation pursuant to a stipulation, and therefore is entitled to an award of reasonable attorneys' fees and costs.  Upon review of counsel's billing records, the undersigned finds the hourly rate[3] and number of hours billed reasonable.  Petitioner's costs, which are primarily composed of costs related to petitioner's expert reports, are also reasonable.  Accordingly, based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**The undersigned awards the total of $50,000.00 as follows:**

**(1) A lump sum of $50,000.00 in the form of a check payable jointly to petitioner and petitioner's counsel of record, Robert J. Krakow, for attorneys' fees and costs.**

---

[3] Petitioner requests compensation for Mr. Krakow in the amount of $365.00 per hour for time billed in 2011; $375.00 per hour for time billed in 2012; $385.00 per hour for time billed in 2013; $396.00 per hour for time billed in 2014; $413.00 per hour for time billed in 2015; and $425.00 per hour for time billed in 2016.  Pet'r's App. at 1-13.  These rates are consistent with the rates the undersigned recently found reasonable for Mr. Krakow (in a decision that is not yet public) in light of other decisions awarding similar hourly rates to other similarly situated attorneys.

Petitioner also requests compensation for a total of 7.2 hours of paralegal work in the amount of $140.00 per hour for time billed in 2013 and 2014, and $145 per hour for time billed in 2015.  Id. at 2-5, 8-7, 13.  The undersigned has previously awarded paralegal rates of $125 per hour.  See Parker v. Sec'y of Health & Human Servs., 02-1553V, 2015 WL 455011, at *1 (Fed. Cl. Spec. Mstr. June 3, 2015).  The paralegal time in this case would be compensated at $125 per hour, however, counsel has already reduced his fee request by $3,658.25.  Because the reduction of paralegal rates would total less than the amount already reduced, no further reduction is required.

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.